IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM HARRIS TAFT, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-3302-P |
| | § | |
| VOLUNTEERS OF AMERICA, ET AL. | § | |
| | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner William Harris Taft, Jr., a former federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

In 2004, petitioner pled guilty to conspiracy to defraud the United States and was sentenced to 41 months confinement. While incarcerated at a federal prison in West Virginia, petitioner was charged with a disciplinary infraction and lost 27 days of good time credit. In January 2011, the Bureau of Prisons ("BOP") determined that petitioner was eligible for a 60 to 90 day stay in a Residential Reentry Center ("RRC") prior to his release, instead of the maximum 12-month placement permitted by the Second Chance Act of 2007, 18 U.S.C. § 3624(c)(1). Petitioner was released to a RRC for 84 days in November 2011. That same month, petitioner filed this action in federal district court challenging the BOP determination regarding his RRC placement and the loss of 27 days of good time credit. Petitioner was released from the RRC on February 8, 2012.

II.

Federal courts have jurisdiction over actual cases and controversies. U.S. CONST. art. III; *Honig v. Doe*, 484 U.S. 305, 317-18, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Medical Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Although a collateral attack on a conviction generally is not rendered moot by the fact that the petitioner has served his sentence, *see Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 1559-60, 20 L.Ed.2d 554 (1968), this rule does not apply when the petitioner does not attack the validity of his conviction and merely contests the imposition and duration of his confinement. *See Spencer v. Kemna*, 523 U.S. 1, 12, 118 S.Ct. 978, 985, 140 L.Ed.2d 43 (1998). In such circumstances, the petitioner must demonstrate that collateral consequences still exist despite his release from custody. *Id.*, 118 S.Ct. at 985.

When petitioner was placed into a RRC, his application for habeas relief became moot "because [he] was no longer threatened with an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision." *Laor v. Federal Bureau of Prisons*, No. 08-4097-NLH, 2009 WL 1064795 at *1 (D.N.J. Apr. 8, 2009), *aff'd*, 340 Fed.Appx. 771, 2009 WL 2518540 (3d Cir. Aug. 19, 2009) (internal quotations omitted). Thus, the court lacks jurisdiction to adjudicate petitioner's claims regarding his 84-day placement in a RRC. Likewise, petitioner can no longer challenge the loss of 27 days of good time credit. Absent proof of collateral consequences resulting from the loss of these sentence credits, petitioner's claims are rendered moot by his release from BOP custody. *See Spencer*, 118 S.Ct. at 983-88 (dismissing as moot habeas petition challenging parole revocation where petitioner discharged his sentence and was released from custody while case was pending); *McGee v. Quarterman*, No. 3-06-CV-2121-N, 2007 WL 2481608 at *1-2 (N.D. Tex. Sept.

4, 2007) (same); *Ibrahim v. I.N.S.*, No. 3-02-CV-0770-M, 2003 WL 292172 at *1 (N.D. Tex. Feb. 7, 2003) (same as to habeas petition challenging detention pending removal where petitioner was released from immigration custody under order of supervision).[1]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed as moot.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 16, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent petitioner seeks monetary damages as a result of his RRC placement and the loss of good time credits, his claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Brown v. Parker*, No. 1-CV-10-0809, 2010 WL 2080004 at *2 (M.D. Pa. May 21, 2010) (applying *Heck* to claim seeking money damages under Second Chance Act of 2007).